

**JUDGE CASTEL**

169263.1
Milton Springut, Esq.
Tal S. Benschar, Esq.
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MONTBLANC-SIMPLO GMBH and          :
MONTBLANC NORTH AMERICA, LLC,      :
                                   :
                    Plaintiffs,    :   Civil Action
                                   :
v.                                 :   No.
                                   :
ROGER CROMWELL d/b/a PENOPOLY.COM, :   COMPLAINT
JOHN DOES 1-5,                     :
                                   :
                    Defendants.    :
------------------------------------------------------------x



Plaintiffs Montblanc-Simplo GmbH and Montblanc North America, LLC, through their attorneys, complaining of defendants, allege as follows:

Nature of Suit, Jurisdiction and Venue

1.      This suit is brought pursuant to provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, and common law to redress acts of trademark infringement and dilution by defendant Roger Cromwell d/b/a *Penopoly.com*. This Court has jurisdiction over the subject matter of the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and over the subject matter of the common law claim pursuant to 28 U.S.C. §§ 1338 and 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

The Parties

2.      Montblanc-Simplo GmbH (hereinafter "Montblanc-Simplo") is a German corporation having its principal place of business in Hamburg, Germany.

3.      Montblanc North America, LLC (hereinafter "Montblanc NA") is a limited liability company duly organized and existing under the laws of the State of Delaware, having a place of business at 430 Mountain Avenue, Murray Hill, New Jersey 07974.  Montblanc NA is a sister corporation of Montblanc-Simplo, both having the same ultimate corporate parent, and is the exclusive licensee and distributor in the United States of MONTBLANC brand writing instruments and related products, all of which are designed, manufactured and packaged by Montblanc-Simplo.  Montblanc NA and Montblanc-Simplo are collectively referenced hereinafter as "Montblanc."

4.      Defendant Roger Cromwell doing business as *Penopoly.com* (hereinafter "Cromwell") is an individual with an address at 4176 Omega Avenue, Castro Valley, California 94546.  Cromwell is transacting and doing business within this judicial district.  Cromwell is subject to the jurisdiction of this Court pursuant to the laws of the state and Rule 4 of the Federal Rules of Civil Procedure.

5.      Defendants John Does 1-5 are individuals who are partners with Defendant Cromwell or who have otherwise acted in active concert and participation with him in the wrongful acts alleged herein.  Defendants John Doe 1-5 are transacting and doing business within this judicial district.  Defendants John Doe 1-5 are subject to the jurisdiction of this Court pursuant to the laws of the state and Rule 4 of the Federal Rules of Civil Procedure.  (All Defendants herein are collectively referenced as "Defendant.")

The World-Famous MONTBLANC Trademarks

6.    Montblanc products and the various trademarks thereon are famous as symbols of quality and luxury throughout the world. Each Montblanc writing instrument or other product is meticulously crafted from only the finest materials and subjected to the strictest quality controls. Montblanc also guarantees its products against all defects. Assurance of workmanship of the highest quality, guaranteed product integrity, and customer satisfaction are integral to the meaning of the Montblanc name.

7.    Montblanc products and/or their packaging bear the trademark MONTBLANC (the "MONTBLANC Trademark") thereon and among the federal registrations for this trademark is No. 776,208 of September 1, 1964 for fountain pens, cases for fountain pens, ball point pens, ball point cartridges, ball point paste, mechanical pencils and lead for mechanical pencils, registered to Montblanc-Simplo (hereinafter the "MONTBLANC Registration.") The MONTBLANC Registration is in full force and effect and the trademark therein and the goodwill of the business of Montblanc in connection with which the trademark is used have never been abandoned. Montblanc intends to continue to preserve its rights with respect to the MONTBLANC Trademark and the MONTBLANC Registration and to make use of the MONTBLANC Trademark in connection with all aspects of its business and, in particular, in all aspects of the manufacture and sale of fine writing instruments and related accessories.

8.    Certain Montblanc products, including fountain pens and ballpoint pens, bear a trademark thereon (and/or bear such trademark on their packaging) that is hereinafter referenced as the Six-Pointed-Rounded-Star Trademark. The Six-Pointed-Rounded-Star Trademark appears thus:

3



The Six-Pointed-Rounded-Star Trademark is registered, No. 839,016 of November 21, 1967, for fountain pen ink, fountain pens, cases for fountain pens, ball point pens, ball point cartridges, mechanical pencils, lead for mechanical pencils, and desk stands for pens, registered to Montblanc-Simplo (hereinafter the "Six-Pointed-Rounded-Star Registration.") The Six-Pointed-Rounded-Star Registration is in full force and effect and the trademark therein and the goodwill of the business of Montblanc in connection with which the trademark is used have never been abandoned. Through promotion and sale of products bearing this trademark, it has come to have a secondary meaning among the relevant consuming public, and is in no way functional. Montblanc intends to continue to preserve its rights with respect to the Six-Pointed-Rounded-Star Trademark and the Six-Pointed-Rounded-Star Registration and to make use of the Six-Pointed-Rounded-Star Trademark in connection with all aspects of its business and, in particular, in all aspects of the manufacture and sale of fine writing instruments.

9.    Certain Montblanc products, specifically pens and pencils, bear a trademark that is hereinafter referenced as the Triple-Gold-Bands Trademark. The Triple-Gold-Bands Trademark appears thus:



with the three bands being gold colored, and the dotted lines indicating the position of the three gold bands on the pen cap. The Triple-Gold-Bands Trademark is registered, No. 1,891,033 of April 25, 1995, for writing instruments, namely pens and pencils, registered to Montblanc-Simplo (hereinafter the "Triple-Gold-Bands Registration.") The Triple-Gold-Bands Registration is in full force and effect and the trademark therein and the goodwill of the business of Montblanc in connection with which the trademark is used have never been abandoned. Through promotion and sale of products bearing this trademark, it has come to have a secondary meaning among the relevant consuming public, and is in no way functional. Montblanc intends to continue to preserve its rights with respect to the Triple-Gold-Bands Trademark and the Triple-Gold-Bands Registration and to make use of the Triple-Gold-Bands Trademark in connection with all aspects of its business and, in particular, in all aspects of the manufacture and sale of fine writing instruments, specifically pens and pencils.

10.   In addition to the MONTBLANC Trademark, certain Montblanc products, specifically pens and pencils, bear a trademark that is hereinafter referenced as the Combination-Bands-And-Star Trademark. The Combination-Bands-And-Star Trademark appears thus:



the mark consisting of the outline of a star design and the width, shape and placement of gold bands on the cap for the goods. (The dotted lines on the drawing indicate only the position of the mark on the goods. The dotted lines do not indicate the mark of any part thereof.) The Combination-Bands-And-Star Trademark is registered, No. 1,723,665 of October 13, 1992, for writing instruments, namely pens and pencils, registered to Montblanc-Simplo (hereinafter the "Combination-Bands-And-Star Registration.") The Combination-Bands-And-Star Registration is in full force and effect and the trademark therein and the goodwill of the business of Montblanc in connection with which the trademark is used have never been abandoned. Through promotion and sale of products bearing this trademark, it has come to have a secondary meaning among the relevant consuming public, and is in no way functional. Montblanc intends to continue to preserve its rights with respect to the Combination-Bands-And-Star Trademark and the Combination-Bands-And-Star Registration and to make use of the Trademark in connection with all aspects of its business and, in particular, in all aspects of the manufacture and sale of fine writing instruments, specifically pens and pencils.

11.     Certain Montblanc products, specifically fountain pens, ballpoint pens, and mechanical pencils, and sets thereof, bear the word trademark MEISTERSTUCK thereon and/or on the packaging thereof, that is hereinafter referenced as the MEISTERSTUCK Trademark. The MEISTERSTUCK Trademark is registered, No. 1,324,392 of March 12, 1985, for fountain

pens, ballpoint pens, and mechanical pencils, and sets thereof, all made partially with precious metals and sold in specialty stores, registered to Montblanc-Simplo (hereinafter the "MEISTERSTUCK Registration.") The MEISTERSTUCK Registration is in full force and effect and the trademark therein and the goodwill of the business of Montblanc in connection with which the trademark is used have never been abandoned. Montblanc intends to continue to preserve its rights with respect to the MEISTERSTUCK Trademark and the MEISTERSTUCK Registration and to make use of the MEISTERSTUCK Trademark in connection with all aspects of its business and, in particular, in all aspects of the manufacture and sale of fountain pens, ballpoint pens, and mechanical pencils, and sets thereof.

12. The MONTBLANC Trademark, the Six-Pointed-Rounded-Star Trademark, the Triple-Gold-Bands Trademark, the Combination-Bands-And-Star Trademark and the MEISTERSTUCK Trademark are collectively referenced herein as the "MONTBLANC Trademarks" and registrations thereof identified above are collectively referenced herein as the "MONTBLANC Registrations."

13. Because of the superior quality and excellence of its product, and the excellent customer service and warranty policies, Montblanc has built up an excellent reputation and valuable commercial goodwill in the MONTBLANC Trademarks as they relate to the various products for which they are used, all of which include types of pens.

14. Montblanc-Simplo has neither licensed nor authorized any person or entity other than Montblanc NA to import Montblanc writing instruments or related products into the United States (excluding duty-free shops not engaged in United States commerce). Montblanc NA is the only company authorized by Montblanc-Simplo to distribute Montblanc writing instruments and related products bearing any of the MONTBLANC Trademarks in the United States.

Defendant's Complained of Activities

15. Defendant has sold, offered for sale and distributed pens bearing the MONTBLANC Trademarks identified herein. Such pens have been materially altered by engraving artwork thereon – including, in some cases, pornographic artwork, which is in no way approved by Montblanc and not subject to its quality control.

16. Such sales, offers for sale and distribution of these pens create a likelihood of confusion among the consuming public, any recipients of such pens as gifts and among any persons reviewing such pens that they are Montblanc products, when in fact they are hybrid products, not the work-product of Montblanc and are therefore counterfeit.

17. Further, the use of pornographic images in connection with certain of these "Montblanc" items tarnishes the MONTBLANC Trademarks and the goodwill associated with them.

18. Defendant has neither sought nor received a license or authorization from any of the Plaintiffs for any purpose whatsoever, including for the acts described herein.

19. Upon further information and belief, Defendant's confusing and tarnishing use of the MONTBLANC Trademarks in the manner identified herein was done intentionally, willfully and in bad faith, was and is in total disregard of plaintiff Montblanc's rights and was commenced and has continued in spite of Defendant's knowledge that such activities were and are in direct contravention of plaintiff Montblanc NA's rights.

## COUNT I

### Federal Trademark Infringement – 15 U.S.C § 1114(1)

20. Montblanc repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

21. The use by Defendant of the MONTBLANC Trademarks in the manner described herein has been without the consent of Montblanc, has been in "commerce" as that term is defined in the Trademark Act of 1946, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that Defendant and its products are authorized by, approved by, sponsored by, or connected with Montblanc. Defendant is liable under 15 U.S.C. § 1114(1).

22. Montblanc has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

## COUNT II

### False Designation Of Origin – 15 U.S.C. § 1125(a)

23. Montblanc repeats and realleges the allegations contained in the foregoing paragraphs, as if fully set forth herein.

24. Defendant has affixed, applied, or used in connection with the sale of its goods, false descriptions and representations, which tend falsely to describe or represent that the goods and services offered by Defendant are sponsored by, authorized by or connected with Montblanc. In particular, the use by Defendant of the MONTBLANC Trademarks in the manner described herein creates a likelihood that consumers will be confused or deceived into believing that the

"Montblanc pens" sold by Defendant are Montblanc products, when in fact they are hybrid products bearing artwork not created by Montblanc and not subject to its quality control.

25. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional uses, appropriations and infringements of the MONTBLANC Trademarks; completely and deliberately disregard plaintiff Montblanc's rights and were commenced and have continued in spite of Defendant's knowledge that the use of a simulation or colorable imitation of these trademarks was and is in direct contravention of plaintiff Montblanc's rights.

26. Upon information and belief, Defendant has marketed, distributed and sold goods in connection with the MONTBLANC Trademarks with the express intent of causing confusion and mistake, of deceiving and misleading the purchasing public to buy and otherwise trade in its products in the erroneous belief that they were relying upon the reputation of Montblanc; and in so doing, the Defendant improperly appropriated the valuable MONTBLANC Trademarks and the goodwill associated therewith.

27. Montblanc has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendant complained of herein in an amount thus far not determined, but believed to be in excess of Twenty-Fifty Thousand Dollars ($25,000).

## COUNT III

### Common Law Trademark Infringement
### And Unfair Competition

28. Montblanc repeats and realleges the allegations contained in the foregoing paragraphs, as if fully set forth herein.

29. The actions of Defendant described herein constitute common law trademark infringement and unfair competition.

30. Montblanc has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendant complained of herein in an amount thus far not determined, but believed to be in excess of Twenty-Fifty Thousand Dollars ($25,000).

## COUNT IV

### Federal Trademark Dilution – 15 U.S.C § 1125 (c)

31. Montblanc repeats and realleges the allegations contained in the foregoing paragraphs, as if fully set in herein.

32. One or more of the MONTBLANC Trademarks are a "famous mark" within the meaning of 15 U.S.C § 1125 (c).

33. Defendant's use of the MONTBLANC Trademarks commenced after such marks became famous, and such use as described herein dilutes the distinctive quality of that mark and tarnishes it by association with inferior and pornographic goods.

34. Montblanc has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendant complained of herein in an amount thus far not determined, but believed to be in excess of Twenty-Fifty Thousand Dollars ($25,000).

## COUNT V

### STATE LAW TRADEMARK DILUTION

35. Montblanc repeats and realleges the allegations contained in the foregoing paragraphs, as if fully set in herein.

36.   The actions of Defendant described herein constitute dilution of the MONTBLANC Trademark in violation of the Laws of various states in which such goods have been distributed or sold, including, without limitation, N.Y. Gen.Bus.L. § 360-I and California Bus. Prof. Code § 14330.

37.   Montblanc has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendant complained of herein in an amount thus far not determined, but believed to be in excess of Twenty-Fifty Thousand Dollars ($25,000).

WHEREFORE, plaintiffs Montblanc-Simplo and Montblanc NA demand:

I.   That a preliminary and permanent injunction be issued enjoining Defendant and his agents, servants, employees, and attorneys and those persons in active concert or participation with them:

    (a)   From using in any manner the MONTBLANC Trademarks or any mark similar thereto on pens or any other products that have in any way been altered by any person not authorized by Montblanc, including, without limitation, engraving thereon;

    (b)   From using any logo, trade dress, trade name, or trademark, which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendant or third parties are sponsored by, authorized by, or in any way associated with plaintiff Montblanc;

    (c)   From passing off, inducing or enabling others to sell or pass off any goods as products produced by Montblanc which are not in fact genuine

     Montblanc goods, or not produced under the control and supervision of Montblanc, and approved by Montblanc;

(d) From otherwise infringing upon or diluting the MONTBLANC Trademarks identified herein;

(e) From infringing Plaintiffs' registrations for the MONTBLANC Trademarks identified herein;

(f) From otherwise competing unfairly with Plaintiffs in any manner; and

(g) From falsely representing themselves as being connected with Montblanc or sponsored by or approved by or associated with Montblanc or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that defendant is, in any way, associated with plaintiff Montblanc.

II. That Defendant be required to deliver up to Montblanc for destruction, any and all goods in his possession or in the possession of its affiliates or under its control that have been altered in a manner rendering them infringing of any of the MONTBLANC Trademarks identified herein.

III. That Defendant be required to deliver up to Montblanc for destruction, any and all catalogs, circulars and other printed material in his possession or in the possession of his affiliates or under his control displaying or promoting pens or other products which infringe the MONTBLANC Trademarks.

IV. That Defendant be ordered pursuant to 15 U.S.C. § 1116(a) to file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of the injunction prayed for herein,

a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

V.   That Defendant be required to account to Montblanc for all profits and damages resulting from Defendant's infringing activities, or, in the alternative, that statutory damages be awarded to Plaintiff Montblanc as provided by 15 U.S.C. § 1117(c), and that the award be increased as provided for under 15 U.S.C. § 1117.

VI.  That Plaintiffs have a recovery from Defendant of the costs of this action and Plaintiff's reasonable counsel fees.

VII. That Plaintiffs have all other further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

KALOW & SPRINGUT LLP
Attorneys for Plaintiffs Montblanc-Simplo GmbH
and Montblanc North America, LLC.

Dated: April 25, 2008

By: _____
Milton Springut, Esq.
Tal. S. Benschar, Esq.