UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――X
MONTBLANC-SIMPLO GMBH and              ANSWER TO
MONTBLANC NORTH AMERICA, LLC,          COMPLAINT

       Plaintiffs,           08 Civ. 3907 (PKC)

 -against-

ROGER CROMWELL d/b/a PENOPOLY.COM,
JOHN DOES 1-5,
           Assigned Judge:
       Defendants.          Hon. P. Kevin Castel
―――――――――――――――――――――――――X

  The defendant Roger Cromwell d/b/a Penopoly.Com, by his attorneys Rider, Weiner & Frankel, P.C., in answer to the complaint alleges as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "1" of the complaint, except denies that venue is proper in this judicial district and that this Court has personal jurisdiction over the defendant.

  2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the complaint.

  3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "3" of the complaint.

  4. Denies the allegations in paragraph "4" of the complaint, except admits that Roger Cromwell does business as Penopoly.com and has an address at 4176 Omega Avenue, Castro Valley, California, 94546.

  5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the complaint.

  6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the complaint .

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the complaint, except admits that Mr. Cromwell, for a short period of time, posted a photograph on his website depicting a Montblanc pen on which a work of art had been acid etched by an Argentinean artist; and denies that the pen was materially altered within the meaning of federal or state law and that it was pornographic.

16. Denies the allegations in paragraph "16" of the complaint.

17. Denies the allegations in paragraph "17" of the complaint.

18. Denies the allegations in paragraph "18" of the complaint, except admits that Mr. Cromwell is not a licensed or authorized dealer.

19. Denies the allegations in paragraph "19" of the complaint.

20. With respect to the allegations in paragraph "20" of the complaint, Mr. Cromwell repeats and realleges his responses to the paragraphs referred to therein.

21. Denies the allegations in paragraph "21" of the complaint.

22. Denies the allegations in paragraph "22" of the complaint.

23. With respect to the allegations in paragraph "23" of the complaint, Mr. Cromwell repeats and realleges his responses to the paragraphs referred to therein.

24. Denies the allegations in paragraph "24" of the complaint.

25. Denies the allegations in paragraph "25" of the complaint.

26. Denies the allegations in paragraph "26" of the complaint.

27. Denies the allegations in paragraph "27" of the complaint.

28. With respect to the allegations in paragraph "28" of the complaint, Mr. Cromwell repeats and realleges his responses to the paragraphs referred to therein.

29. Denies the allegations in paragraph "29" of the complaint.

30. Denies the allegations in paragraph "30" of the complaint.

31. With respect to the allegations in paragraph "31" of the complaint, Mr. Cromwell repeats and realleges his responses to the paragraphs referred to therein.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the complaint.

33. Denies the allegations in paragraph "33" of the complaint.

34. Denies the allegations in paragraph "34" of the complaint.

35. With respect to the allegations in paragraph "35" of the complaint, Mr. Cromwell repeats and realleges his responses to the paragraphs referred to therein.

36. Denies the allegations in paragraph "36" of the complaint.

37. Denies the allegations in paragraph "37" of the complaint.

### FIRST AFFIRMATIVE DEFENSE

38. Mr. Cromwell is a citizen of the State of California. He resides in California, and maintains his only place of business in California. Mr. Cromwell does not maintain any office within the State of New York, has no agents or representatives within the State of New York, does not transact business in the State of New York, has committed no tortious acts within the State of New York, and is accordingly not subject to personal jurisdiction in the state and federal courts in New York. By reason of the foregoing, the summons and complaint must be dismissed as against Roger Cromwell d/b/a Penopoly.com.

### SECOND AFFIRMATIVE DEFENSE

39. Montblanc-Simplo GMBH is, upon information and belief, a foreign corporation not authorized to conduct business in the State of New York. Montblanc North America LLC is, upon information and belief, a Delaware corporation with a principal place of business in New Jersey. As neither the plaintiffs nor the defendant Roger Cromwell d/b/a Penopoly.com are residents of the State of New York, venue of this proceeding in the Southern District of New York is improper.

### THIRD AFFIRMATIVE DEFENSE

40. Mr. Cromwell does not and has never owned the pen in question, is not and has never been in possession of the pen in question, and did not etch the pen in question or alter it in any way, as alleged in the complaint. Rather, Mr. Cromwell, who is a restorer and refurbisher of antique pens and other writing implements, posted a picture of the Montblanc pen with an artistic acid etching

performed by an Argentinean artist on his website for a brief period with the caption that the object was a Montblanc pen with an overlay by the Argentinean artist. Upon information and belief, the pen was owned by the Argentinean artist who used Mr. Cromwell's website to advertise the artist's sale of this pen. Mr. Cromwell at all times acted solely as a middleman in advertising the Argentinean artist's sale of the pen.

41.    The textual reference to the pen and the photograph of the pen itself were entirely factual and contained no statement whatsoever that was untrue, deceptive or misleading, or confusing, whether with respect to origin, manufacture, or description, or with respect to any other matter. Annexed hereto as Exhibit "A" is a true and accurate copy of the photograph appearing on Mr. Cromwell's webpage. Nothing depicted in the photograph or in the textual message could confuse the public generally, or Montblanc's customers specifically. Nothing therein misrepresented the nature, characteristics, qualities or origin of plaintiffs' product or the pen in question, or which would serve to dilute or tarnish plaintiffs within the meaning of the Lanham Act.

42.    Accordingly, Mr. Cromwell d/b/a Penopoly.com cannot be held liable by reason of his fair use in depicting the pen in question as the descriptive mark was used in good faith for its primary meaning and no consumer confusion was likely to result.

### FOURTH AFFIRMATIVE DEFENSE

43.    Mr. Cromwell's use of the Montblanc name was legal and permissible as a nomative use under trademark law due to the fact that the type of pen would not be readily identifiable without use of the Montblanc name; only so much of the name was used as was reasonably necessary to identify the underlying product; and Mr. Cromwell did nothing that would suggest sponsorship or endorsement of this work of art by Montblanc.

### FIFTH AFFIRMATIVE DEFENSE

44. Mr. Cromwell's depiction of the artwork created by the Argentinean artist on a Montblanc pen, posted on Mr. Cromwell's website, was in the legitimate exercise of Mr. Cromwell's freedom of speech protected by the First Amendment to the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

45. Mr. Cromwell at all times relevant herein acted solely in good faith and with no knowledge that his conduct, in acting solely as a middleman between the Argentinean artist who created the work of art on the pen in question and prospective purchasers, in posting a photograph for a brief period of time on Mr. Cromwell's website, violated or allegedly violated any trademark law.

### SEVENTH AFFIRMATIVE DEFENSE

46. Mr. Cromwell's conduct in posting the artwork on his website was a non-commercial use of the Montblanc product. Mr. Cromwell did not realize any profit on the sale of the pen as the entire amount paid by the purchaser was conveyed to the artist, other than the cost of shipping the pen and third party processing fees.

WHEREFORE, defendant Roger Cromwell d/b/a Penopoly.com respectfully requests judgment dismissing the complaint, and such other relief as the Court deems proper, together with reimbursement of defendant's attorneys' fees and costs.

Dated: June 27, 2008
      New Windsor, NY

Rider, Weiner & Frankel, P.C.
Attorneys for Defendant
Roger Cromwell d/b/a Penopoly.com
655 Little Britain Road
New Windsor, New York 12553
(845) 562-9100

By: _____
Michael J. Matsler (MM 8139)

TO: Milton Springut, Esq.
     Tal S. Benschar, Esq.
     Kalow & Springut LLP
     488 Madison Avenue
     New York, New York 10022

# Exhibit "A"

