UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

MONTBLANC-SIMPLO GMBH and
MONTBLANC NORTH AMERICA, LLC,

                    Plaintiffs,

        -against-

ROGER CROMWELL d/b/a PENOPOLY.COM,
and JOHN DOES 1-5,

                    Defendants.

———————————————————————X

DEFENDANT CROMWELL'S
FIRST SET OF
INTERROGATORIES TO
PLAINTIFFS

08 Civ 3907 (PKC)

PLEASE TAKE NOTICE that, pursuant to Rules 33 and 34 of the Federal Rules of Civil

Procedure and Rule 33.3 of the Civil Rules for the Southern District of New York, defendant Roger

Cromwell d/b/a Penopoly.com serves his First Set of Interrogatories and Request for Production of

Documents on plaintiffs Montblanc-Simplo GMBH and Montblanc North America, LLC, to be

answered under oath by a person with knowledge of the facts, in accordance with the above-

referenced rules, on or before September 5, 2008 at the offices of Rider, Weiner & Frankel, P.C.,

attorneys for plaintiffs, 655 Little Britain Road, New Windsor, NY 12553.

**Instructions For Responding to Interrogatories and for Producing Documents**

1.      Each interrogatory calls for all information that is known or available to you,

including all information in the possession of your employees, agents, attorneys, accountants,

auditors, or other professional persons or experts, and any investigators or any persons acting on your

behalf or under you or your attorneys' employment, direction and/or control.

2.      If you cannot answer any interrogatory fully and completely after exercising due

diligence to make inquiry and secure information to do so, please so state and answer such

interrogatory to the extent you deem possible.  Specify the portion of such interrogatory you claim

you are unable to fully and completely answer, and further specify the facts on which you rely to

support your contention that you are unable to answer the interrogatory fully and completely. State the knowledge, information or belief you have conce rning the unanswered portion of such interrogatory, and state fully, completely and in detail the acts done and inquiries made by you to show that you have exercised due diligence to make inquiries and to secure the information necessary to answer the interrogatory.

3.    If you are asserting that part of any response to an interrogatory is privileged, specify the grounds therefor, identifying the alleged privileged documents or conversations by date, author, recipient and general subject matter and provide all information responsive to the interrogatory which does not fall within the claim of privilege.

4.    Should any document be withheld from production on any basis, the following shall be separately stated for each document withheld:

(a)    The date(s) of the document;

(b)    The document's author(s) or originator(s);

(c)    The title(s) and the duties of the author(s) or originator(s);

(d)    All addressees or recipients of the document and all persons coming into possession of the document;

(e)    The subject matter(s) of the document;

(f)    The number of pages of the document; and

(g)    The precise basis for the privilege claimed or the objection made with respect to the document.

5.    Should any thing or item be withheld from production on any basis, the following shall be separately stated for each thing or item:

(a)    A description of the thing or item;

2

(b)    The method in which or person(s) from whom the thing or item was obtained;

and

(c)    The precise basis for the privilege claimed or the objection made with respect

to the thing or item.

6.    Unless otherwise specified, the time period covered by these requests is January 1,

2006 to-date.

## INTERROGATORIES

1.    Identify with specificity each wrongful act allegedly committed by defendant Roger

Cromwell; and identify each person with specific knowledge of each such wrongful act; and identify

and furnish a copy of each document referring or relating thereto; and produce for inspection each

such pen.

2.    Identify with specificity each pen bearing the Montblanc trademark plaintiffs allege

were sold, offered for sale or distributed by defendant Roger Cromwell, and identify and furnish a

copy of each document referring or relating thereto; and produce for inspection each such pen.

3.    Identify each person with knowledge of each specific pen bearing the Montblanc

trademark upon which plaintiffs' allegations are based that were sold, offered for sale or distributed

by defendant Roger Cromwell; the specific location of each such pen; identify under whose care,

custody and control each such pen has been since it was manufactured and its present location; and

identify and furnish a copy of each document referring or relating thereto; and produce for inspection

each such pen.

4.    Identify each specific pen alleged by plaintiffs to be hybrid products and/or

counterfeit products allegedly sold, offered for sale or distributed by defendant Roger Cromwell;

specific location of each such pen; identify under whose care, custody and control each such pen has

3

been since it was manufactured and its present location; and identify and furnish a copy of each document referring or relating thereto; and produce for inspection each such pen.

5.     Identify with specificity each such pen bearing "pornographic images" allegedly sold, offered for sale or distributed by defendant Roger Cromwell; the specific location of each such pen; and identify and furnish a copy of each document referring or relating thereto; and produce for inspection each such pen.

6.     Identify with specificity each person with knowledge upon which plaintiffs base their allegations that defendant Roger Cromwell sold, offered for sale or distributed pens bearing pornographic images; and identify and furnish a copy of each document referring or relating thereto; and produce for inspection each such pen.

7.     Identify with specificity each person with knowledge of the facts upon which plaintiffs base their claim that defendant Cromwell confused and tarnished Montblanc trademarks; and identify and furnish a copy of each document referring or relating thereto; and produce for inspection each such pen.

8.     Identify with specificity each person with knowledge of the facts upon which plaintiffs base their claims that Montblanc trademarks have been used by defendant Cromwell in commerce, causing confusion and mistake in the minds of the purchasing public; and identify and furnish a copy of each document referring or relating thereto; and produce for inspection each such pen.

9.     Identify with specificity each such goods defendant Cromwell allegedly affixed, applied or used in connection with a sale false descriptions and representations that such goods were sponsored, authorized or connected with Montblanc; and identify and furnish a copy of each document referring or relating thereto; and produce for inspection each such pen.

4

10.     Identify with specificity each person with knowledge of the facts alleged by plaintiff that defendant Cromwell allegedly affixed, applied or used false descriptions and representations that his goods and services offered were sponsored by, authorized by or connected with Montblanc; and identify and furnish a copy of each document referring or relating thereto; and produce for inspection each such pen.

11.     Identify with specificity each Montblanc "famous mark" allegedly used by defendant Cromwell; the manner in which such "famous mark" was used; the location of each product bearing such "famous mark"; the identity of each such person in the custody or control of such product bearing the "famous mark"; and identify and furnish a copy of each document referring or relating thereto; and produce for inspection each such pen.

12.     With respect to Anthony Gruber of Montblanc NA, identify and furnish a copy of each document upon which he relies in ascertaining alterations made to sample pens acquired from defendant Roger Cromwell; and produce for inspection each such pen.

13.     With respect to Carol Ball of National Trademark Investigations, produce for inspection each such sample item acquired from defendant Cromwell; and identify and furnish a copy of each document referring or relating thereto, including without limitations notes, diaries, and correspondence relating to the alleged conversations between Carol Ball and defendant Roger Cromwell.

14.     Identify and furnish for inspection each sample pen product obtained from defendant Cromwell together with all "accompanying paperwork", together with all printouts allegedly obtained from defendant Cromwell's website, including without limitation invoices or other paperwork concerning defendant Cromwell's sales of items allegedly infringing upon plaintiffs' trademarks.

5

15.    With respect to paragraphs "21", "22", "26", "27", "29", "30", "33", "34", "36", and "37" of the complaint as to damages, set forth the nature and amount of each category of damages claimed, along with the calculations used by plaintiffs in computing said damages; and identify and furnish a copy of each document upon which plaintiffs relied in calculating said damages.

13.    Identify and furnish a copy of each document on which plaintiffs will rely at trial in support of their claims and defenses.

Dated: August 1, 2008        Rider, Weiner & Frankel, P.C.
      New Windsor, NY      Attorneys for Plaintiffs
                       655 Little Britain Road
                       New Windsor, NY 12553
                       (845)562-9100

                     By:      _____
                            Michael J. Matsler (MM8139)

TO:    Milton Springut, Esq.
       Tal S. Benschar, Esq.
       Kalow & Springut LLP
       Attorneys for Plaintiffs
       488 Madison Avenue
       New York, NY 10022

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280   •   NEWBURGH, N. Y. 12550   •   (845) 562-9100

STATE OF NEW YORK    )
                     )        ss.:
COUNTY OF ORANGE     )

Cheryl R. Churney, being duly sworn, deposes and says:

I am not a party of this action, am over 18 years of age, and reside at Newburgh, New York.

On August 1st, 2008, I served the within Defendant Cromwell's First Set of Interrogatories to Plaintiffs via first class mail, by depositing a true copy thereof, in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person at the last known address set forth after each name:

Milton Springut, Esq.
Tal S. Benschar, Esq.
Kalow & Springut, LLP
Attorneys for Plaintiffs
488 Madison Avenue
New York, NY 10022

_____
Cheryl R. Churney

Sworn to before me this
1ST day of August, 2008.

_____
Notary Public

CAROL M. SCHEER
Notary Public, State of New York
No. 01SC4742131
Qualified in Orange County
Commission Expires August 31, 20 09.